UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PASSLOGIX, INC.,

            Plaintiff,

 - against -

2FA TECHNOLOGY, LLC, 2FA, INC.,
GREGORY SALYARDS, and SHAUN
CUTTILL,

            Defendants.

**OPINION AND ORDER**

08 Civ. 10986 (PKL)

**APPEARANCES**

PROSKAUER ROSE LLP
Steven M. Kayman, Esq.
Dan Goldberger, Esq.
1585 Broadway
New York, N.Y. 10036-8299

CADWALADER, WICKERSHAM & TAFT LLP
Hal S. Shaftel, Esq.
One World Financial Center
New York, N.Y. 10281

Attorneys for Plaintiff

LAURENCE SINGER, ATTORNEY-AT-LAW
Laurence Singer, Esq.
1629 K Street NW, Suite 300
Washington, D.C. 20006

Attorney for Defendants

1

**LEISURE**, **District Judge**:

Defendants 2FA Technology, LLC, and 2FA, Inc.
(collectively, "2FA"), and 2FA's principals, Gregory Salyards
("Salyards") and Shaun Cuttill ("Cuttill"), bring this motion
pursuant to Federal Rule of Civil Procedure ("Rule") 72(a),
objecting to two orders issued by Magistrate Judge Dolinger on
December 21, 2009, which denied 2FA's motion to:  (1) compel the
production of five categories of documents; (2) serve third-
party subpoenas; and (3) extend the discovery deadline (the
"December 21 Orders").  For the reasons set forth below, 2FA's
motion objecting to Judge Dolinger's December 21 Orders is
DENIED.


                          **BACKGROUND**

The Court assumes familiarity with the facts of this case.
See Passlogix, Inc. v. 2FA Tech., LLC, -- F. Supp. 2d --, 2010
WL 1702216 (S.D.N.Y. Apr. 27, 2010) (Leisure, J.).  The instant
dispute arises out of Passlogix's lawsuit against 2FA, Salyards,
and Cuttill, for breach of a licensing agreement in which 2FA
purportedly agreed to develop identity-authentication software
for Passlogix.  Passlogix seeks (1) money damages against 2FA
for breach of contract and tortious interference with business
relations, and (2) a declaration that (a) it did not breach the
licensing agreement or any other duties owed to 2FA or its

                               2

employees, including Salyards and Cuttill, (b) 2FA has no valid grounds to terminate the licensing agreement and is obligated to continue to abide by the agreement, (c) Passlogix has not impermissibly used any confidential information or intellectual property of 2FA, and (d) Passlogix does not owe 2FA any money. (Am. Compl. ¶¶ 20-32.)  In its Answer, 2FA asserts counterclaims against Passlogix for breach of contract, breach of the covenant of good faith and fair dealing, unfair competition, misappropriation of 2FA's intellectual property, and tortious interference with business relations.  (Answer & Countercl. ¶¶ 32-46.)

## I. Discovery Dispute

The parties' discovery dispute has a protracted history, which the Court summarizes here.  In early April 2009, Passlogix served a subpoena duces tecum on non-party HID Global ("HID"). HID is a customer of 2FA and a customer or partner of Passlogix. (Boroditsky Decl. 4/21/09 ¶ 5.)  Although it did not move to quash the subpoena, 2FA complained to Passlogix about not receiving notice of the subpoena before it was served on HID, pursuant to Rule 45(b)(1).  See Fed. R. Civ. P. 45(b)(1) ("If the subpoena commands the production of documents, . . . then before it is served, a notice must be served on each party."); 2FA Ltr. to Passlogix 4/9/09.  2FA informed Passlogix that

3

although it "intended to wait until after requested documents had been produced to issue subpoenas to Passlogix's partners, customers, and prospective customers, such as Sun Microsystems, Oracle, IBM, Deloitte & Touche, and Wal-Mart," it now intended "to proceed immediately with these subpoenas." (2FA Ltr. to Passlogix 4/9/09.) Passlogix wrote this Court on April 13, 2009, seeking intervention for 2FA's purported "misuse of third party discovery that has no purpose but to damage Passlogix's business dealings with existing and potential customers." (Passlogix Ltr. to Court 4/13/09 at 1.) Passlogix asserted that there was "nothing relevant that these third parties . . . possess that [2FA] cannot obtain from Passlogix directly." (Id. at 1-2.) The Court referred the discovery dispute to Magistrate Judge Dolinger, who held a conference on April 23, 2009. At the conference, Passlogix requested that 2FA stay any third party subpoenas until the parties exchanged discovery because "everything appropriate and relevant can be found in [Passlogix's] files in the first instance." (J. Dolinger 4/23/09 Hr'g Tr. 2:23-3:1, 4:22-24.) 2FA agreed to wait to serve any third-party subpoenas until after Passlogix's document production. (Id. 8:13-24.) At the close of the hearing, Judge Dolinger provided the following guidelines to the parties with respect to any future attempts to subpoena non-parties:

4

> Number one, no subpoenas to customers or potential customers by either side are to be served until at least one week after the production of documents on both sides.
>
> Number two, if either side intends to serve a subpoena on a nonparty that is either a customer or a potential customer of the other, it is to provide a copy of the subpoena to the other side one week before actually serving that subpoena. In that event, the party given this advanced notice will be free if it wishes to pursue appropriate remedies in the court if it thinks it has a basis for doing so.

(Id. 12:22-13:6.)

By letter dated November 9, 2009, counsel for 2FA wrote to Judge Dolinger requesting a conference to discuss the filing of a motion to compel, serving subpoenas duces tecum on non-parties Oracle, Sun Microsystems, and IBM, and extending the December 15, 2009 discovery deadline. (See 2FA Ltr. to J. Dolinger 11/9/09 at 1.) Judge Dolinger held a conference on November 18, 2009, where he ordered Passlogix to provide certain categories of documents by November 27 and denied 2FA's request to extend the discovery deadline. (J. Dolinger 11/18/09 Hr'g Tr. 4:6-8.) Judge Dolinger preliminarily denied 2FA's request to issue third party subpoenas as "a bare request . . . without any . . . explanation," but permitted 2FA to "make a submission to explain why [2FA] need[s]" the subpoenas. (Id. 38:24-39:17.) By letter dated November 20, 2FA submitted an application articulating its position in favor of serving third-party subpoenas on Oracle,

Sun Microsystems, and IBM.  (See 2FA Ltr. to J. Dolinger
11/20/09.)  Passlogix submitted a letter in opposition three
days later.  (See Passlogix Ltr. to J. Dolinger 11/23/09.)
Judge Dolinger issued an order, dated November 24, 2009, denying
2FA's request to serve third-party subpoenas on Oracle, Sun
Microsystems, and IBM on the grounds that 2FA "fail[ed] to
demonstrate that there are any categories of relevant documents
held by the three putative non-part[ies] . . . for which the
equivalent information could not be obtained from [Passlogix]."
(J. Dolinger Order 11/24/09 at 2, docket # 38 (emphasis in
original).)  Judge Dolinger reasoned that 2FA's "attempted
justification is entirely conclusory" and that 2FA "fail[s] to
identify in what respects [Passlogix] has fallen short" in its
document production.  (Id.)  Judge Dolinger explained that he
was "not prepared to allow broad-based discovery of non-party
customers or prospective customers or partners of plaintiff when
the effort seems to be based solely, or in part, on a desire to
use the potential disruption of business relations as bargaining
leverage in this case."  (Id. at 2-3.)  The court also noted
2FA's late application for these subpoenas, brought "only a few
weeks before the scheduled end of discovery" and that,
notwithstanding its lateness, 2FA "offer[s] no meaningful
explanation for [its] delay."  (Id. at 2 & n.1.)  Judge Dolinger
expressed concern that because "2FA has admitted that it is

contemplating litigation against Oracle on similar issues, . . . the requested subpoena [may be] motivated as well by the desire to obtain pre-suit discovery from that entity." (Id. at 3 n.2.)

By letter dated December 2, 2009, 2FA wrote Judge Dolinger, asserting that Passlogix failed to produce certain categories of documents in its November 27 production that were ordered at the November 18 conference. (2FA Ltr. to J. Dolinger 12/2/09.) Passlogix submitted a letter in opposition two days later, declaring that it had produced all of the documents that the court ordered at the November 18 conference. (Passlogix Ltr. to J. Dolinger 12/4/09.) Judge Dolinger gave 2FA leave to file a motion to compel by December 8, "demonstrating a failure by [Passlogix] to comply with [the] court's Nov. 18, 2009 orders." (J. Dolinger Endorsed Ltr. 12/4/09, docket # 39.)

2FA subsequently filed a motion to compel, describing five categories of documents that allegedly should have been, but were not, produced by Passlogix. (Def.'s Mem. in Supp. of Its Mot. to Compel 10-20.) The motion was fully briefed on December 14. The same day that it submitted its motion to compel, 2FA sent a letter application to Judge Dolinger requesting reconsideration of his November 18 discovery rulings denying 2FA's request to serve third-party subpoenas and to extend discovery. By Order dated December 21, 2009, Judge Dolinger denied 2FA's motion to compel the five categories of documents.

7

(J. Dolinger Order 12/21/09, docket # 47.)  The court reasoned
that the motion papers "reflect [Passlogix's] compliance with
[the court's] directives from [the November 18, 2009]
conference," and that the court is "satisfied that [Passlogix]
has fully complied with its discovery" obligations.  (Id. at 1.)
Judge Dolinger also explained that he "previously rejected" some
of the demands raised in 2FA's motion to compel, that 2FA
"abjured others," and that "some are not even within the scope
of any of [2FA's] previously filed Rule 34 requests."  (Id. at
2.)  That same day, Judge Dolinger issued a Second Order denying
2FA's application seeking reconsideration of his rulings
precluding 2FA from pursuing non-party discovery subpoenas
"targeted at [Passlogix's] customers" and denying the extension
of the discovery period.  (J. Dolinger Second Order 12/21/09,
docket # 48.)  The court explained that, in light of its
"disposition today of [2FA's] motion to compel, much of [2FA's]
argument for extending the deadline falls."  (Id.)  Moreover,
Judge Dolinger reasoned that 2FA offered "no basis to alter
[his] prior rulings" with respect to precluding 2FA from issuing
subpoenas to Passlogix's customers and reiterated that Passlogix
"complied with its obligations under the discovery rules and
prior court orders."  (Id.)

## II.   Instant Motion

In its instant motion objecting to Judge Dolinger's denial of its motion to compel, 2FA contends that Passlogix failed to comply with the production of the following five categories of documents:   (1) all documents and communications concerning Passlogix's strong authentication strategy; (2) all sales contracts, maintenance contracts, support contracts, proposals and responses to RFPs for all accounts in which v-GO CM, AM, or SM was proposed or sold; (3) all invoices and purchase orders containing v-GO CM and AM; (4) all market, promotion, and advertising plans and documents actually used to prepare for v-GO AM or CM; and (5) audit logs and reports from Surround SCM or any other source code control system relating to v-GO CM. (Def.'s Req. for Recons., Review & Reversal of Mag.'s Denial of Def.'s Mot. to Compel ("2FA Obj. Mem.") 2-3.)  2FA claims that, in denying its motion to compel, Judge Dolinger "indicated erroneously that Passlogix had complied with previous Court directives, that [he] was satisfied that Passlogix has fully complied with its discovery, that 2FA had abjured to other[] [discovery requests], and that some are not even within the scope of any of [2FA's] previously filed Rule 34 requests." (2FA Obj. Mem. 3.)  2FA also objects on the grounds that Judge Dolinger's initial December 21 Order "did not encompass specific

references to the pleadings or to the five requests that are the subject of 2FA's Motion to Compel." (Id.)

Passlogix opposes 2FA's objections on the grounds that 2FA's discovery requests "have been reviewed by the Magistrate Judge by letter, by motion and at discovery conferences" and have been deemed satisfied. (Mem. in Opp'n to 2FA's Req. for Recons., Review & Reversal of Mag. Judge's Denial of 2FA's Mot. to Compel ("Passlogix Obj. Opp'n") 4.) Passlogix also contends that, for each of its five categories of document requests, "2FA has failed to show that any error – let alone a clear one – has been committed." (Id. 6.)

## DISCUSSION

### I. Standard of Review

"A district court evaluating a Magistrate Judge's report with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the recommendations are not clearly erroneous or contrary to law." TVT Records v. Island Def Jam Music Group, 447 F. Supp. 2d 311, 314 (S.D.N.Y. 2006) (emphasis added); see also 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). "A district judge, after considering any objections by the parties, may

accept, set aside, or modify, in whole or in part, the findings

and recommendations of the Magistrate Judge with regard to such

matters." TVT Records, 447 F. Supp. 2d at 314; see also Fed. R.

Civ. P. 72(a); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y.

1994).

A discovery order is clearly erroneous "where, 'although

there is evidence to support it, the reviewing court on the

entire evidence is left with the definite and firm conviction

that a mistake has been committed.'" Highland Capital Mgmt.,

L.P. v. Schneider, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008)

(Leisure, J.) (quoting LaBarge v. Chase Manhattan Bank, N.A.,

No. 95 Civ. 173, 1997 WL 583122, at *1 (N.D.N.Y. Sept. 3,

1997)); see also Easley v. Cromartie, 532 U.S. 234, 242, 121 S.

Ct. 1452, 149 L. Ed. 2d 430 (2001) (Breyer, J.) (stating that,

in reviewing for clear error, "a reviewing court must ask

whether, 'on the entire evidence,' it is 'left with the definite

and firm conviction that a mistake has been committed'"

(citation omitted)). "Consequently, parties seeking to overturn

the Magistrate's discovery rulings bear a heavy burden."

Highland Capital, 551 F. Supp. 2d at 177 (citation and internal

quotation marks omitted); see also Fierro v. Gallucci, No. 06

Civ. 5189, 2010 U.S. Dist. LEXIS 27664, at *25 (E.D.N.Y. Mar.

24, 2010) (Bianco, J.) ("[I]t is well settled that '[a]

11

magistrate judge's resolution of discovery disputes deserves substantial deference.'" (citation omitted)).

## II.  Application

After a review of the December 21 Orders, transcripts of the discovery conferences before Judge Dolinger, 2FA's objections to the Magistrate's rulings, and 2FA's underlying motion to compel, the Court finds no clear error and no rulings that are contrary to the law.

Instead of pointing to any clear error committed by Judge Dolinger, 2FA seeks to re-litigate issues already decided by Judge Dolinger at numerous courtroom and telephonic conferences scheduled in the weeks prior to the end of discovery.  2FA contends that "Passlogix failed to comply with the Magistrate's previous orders set forth in the November 18[th] hearing."  (2FA Obj. Mem. 3.)  In two separate orders, however, Judge Dolinger found that Passlogix satisfied its discovery obligations.  (See J. Dolinger Order 12/21/09 at 1, docket # 47 (holding that the motion to compel papers "reflect [Passlogix's] compliance with [the court's] directives from [the November 18, 2009] conference"); J. Dolinger Second Order 12/21/09, docket # 48 (reiterating that Passlogix "complied with its obligations under the discovery rules and prior court orders").)  In its memorandum in opposition to 2FA's objections, Passlogix

12

enumerates each of the five categories of documents that 2FA
seeks and describes the production it made for each one, which
Judge Dolinger previously found in "compliance with [his]
directives from [the November 18, 2009] conference." (J.
Dolinger Order 12/21/09 at 1, docket # 47; see also Passlogix
Obj. Opp'n 6-9.)

     To the extent that 2FA argues that Judge Dolinger's
December 21 Orders "indicated erroneously that Passlogix had
complied with previous Court directives," (2FA Obj. Mem. 3), 2FA
does not articulate Judge Dolinger's purported error and
certainly does not point to any ruling that is "contrary to
law." TVT Records, 447 F. Supp. 2d at 314.  To the extent that
2FA objects to Judge Dolinger's denial of its request to serve
non-party subpoenas on Passlogix's current or potential
customers, this Court also finds no clear error because 2FA,
again, fails to point to any.  2FA ignores its legal burden
altogether, as evidenced by its failure to use the terms
"clearly erroneous" or "contrary to law" anywhere in its
memoranda, except in its summary of the legal standard of
review. (See generally 2FA Obj. Mem.; Def.'s Reply to Pl.'s
Opp'n to Its Req. for Recons., Review & Reversal of Mag.'s
Denial of Def.'s Mot. to Compel.)

     For the foregoing reasons, this Court is not "left with the
definite and firm conviction that a mistake has been committed"

and, therefore, denies 2FA's objections to Judge Dolinger's December 21 Orders. Easley, 532 U.S. at 242 (citation and internal quotation marks omitted). Because the Court finds no clear error in Judge Dolinger's discovery rulings, it denies 2FA's request to extend the discovery deadline.

## CONCLUSION

For the reasons stated above, the Court holds that Judge Dolinger's December 21 Orders neither are clearly erroneous nor contrary to law.  Accordingly, 2FA's objections are DENIED.  The parties are ordered to appear on May 5, 2010, at 10 a.m. in courtroom 18B for a hearing on 2FA's pending preliminary injunction motion.  The Clerk is directed to close docket numbers 54 and 55.


**SO ORDERED.**
**New York, New York**

May **4**, 2010

_____

U.S.D.J.


Copies of this Opinion and Order have been e-mailed to:

Steven M. Kayman, Esq.
Dan Goldberger, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York 10036-8299

Hal S. Shaftel, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, N.Y. 10281

Laurence Singer, Esq.
Laurence Singer, Attorney-At-Law
1629 K Street NW, Suite 300
Washington, D.C. 20006